UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Daniel Lugo
and other similarly
situated individuals,

    Plaintiff(s),
v.

Pryco Movers Inc,

    Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Daniel Lugo, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Pryco Movers Inc, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Daniel Lugo is a resident of Polk County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Pryco Movers Inc (from now on, Pryco Movers, or Defendant) is a Florida corporation having a place of business in Orange County, Florida.

4. All the actions raised in this complaint took place in Orange County, Florida, within this Court's jurisdiction.

## General Allegations

5. This cause of action is brought by Plaintiff Daniel Lugo as a collective action to recover from Defendant overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2020, (the "material time") without being adequately compensated.

6. Defendant Pryco Movers is a moving and storage company located at 2221 Forsyth Rd, Unit 1C, Orlando, Florida 32807. Defendant also has storage facilities located at 851 Bethel Ave. Pennsauken, NJ 08110, where Plaintiff worked most of the time.

7. Defendant Pryco Movers employed Plaintiff Daniel Lugo as a non-exempted, full-time employee from approximately December 16, 2020, to July 31, 2021, or 32 weeks.

8. At the moment of his hiring, Plaintiff was offered an hourly wage rate of $11.00 an hour or $440.00 weekly, covering 40 hours of work. Defendant promised to give Plaintiff a wage rate increase after 3 months of continued employment.

9. Plaintiff worked as a warehouse employee, mover, and driver. Plaintiff's duties included receiving cargo, counting pieces, organizing merchandise, taking care of fragile items, pulling orders, palletizing, shrink wrapping, moving cargo around the warehouse, cleaning, disposing of garbage etc. keeping   Plaintiff also had some warehouse clerical responsibilities.

10. Plaintiff never performed activities affecting the safety of the operation of motor vehicles.  Plaintiff never exercised any discretion or judgment in any planning, building, placing, distribution, or balancing any pallet, container, or loose cargo.  Plaintiff never performed activities affecting the safety of motor vehicles operations.

11. Plaintiff was a warehouse worker that occasionally performed as driver helper, or driver helper.  Nevertheless, he was not subjected to the Motor Carrier Exception because Plaintiff's work did not have substantial direct

effect on the "safety of operation" of a motor vehicle. Additionally, when Plaintiff worked as a driver, or driver helper, he performed duties on a vehicle weighing more than 10,000 # or less than 10,000 # in the same workweek. Thus, Plaintiff is protected by the overtime provisions of Section 7 of the FLSA.

12. While employed by Defendant, Plaintiff had a regular schedule. He worked 7 days per week. Plaintiff worked 3 days per week in the warehouse from 8:00 AM to 6:00 PM (10 hours daily=30 hours weekly); and he worked 4 days per week in moving activities, from 8:00 AM to 12:00 AM (16 hours each day=64 hours weekly). Consequently, Plaintiff worked a total of 94 hours each week. Plaintiff was unable to take bonafide lunch breaks.

13. Plaintiff worked more than 40 hours per week, and he was paid $440.00 in cash, but he was not paid for overtime hours.

14. Defendant never honored the agreement, and Plaintiff ended up working seven days per week a total of 94 hours weekly for a payment of $440.00 per week.

15. Plaintiff did not clock in and out, but he worked with the business owners, and they could track the hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

17. Plaintiff was paid weekly in cash without any record providing information about the number of days and hours worked, wage rate, employment tax withholdings, etc.

18. Plaintiff disagreed with the lack of payment for overtime hours, and he complained several times.

19. On or about July 31, 2021, Plaintiff left his employment with Defendant due to discriminatory reasons.  Plaintiff is in the process of filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

20. Plaintiff DANIEL LUGO seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

23. This action is intended to include every warehouse, moving, and storage employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

24. Plaintiff Daniel Lugo re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

25. This action is brought by Plaintiff Daniel Lugo and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. The Employers, Defendant Pryco Movers, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a moving and storage company with more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant also had more than two employees that, during the operation of the moving and storage company, regularly and recurrently sold, handled, and worked on goods and materials that were moved previously or would be moving through interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

27. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

28. Defendant Pryco Movers employed Plaintiff Daniel Lugo as a non-exempted, full-time employee from approximately December 16, 2020, to July 31, 2021, or 32 weeks.

29. Plaintiff worked as a warehouse employee, mover, and driver.

30. Plaintiff was a warehouse worker that occasionally performed as driver helper or driver helper.  Nevertheless, he was not subjected to the Motor Carrier Exception because Plaintiff's work did not have a substantial direct effect on "safety of operation" of a motor vehicle.  Additionally, when Plaintiff worked as a driver, or driver helper, he performed duties on a vehicle weighing more than 10,000 # and less than 10,000 # in the same workweek.  Thus, Plaintiff is protected by the overtime provisions of Section 7 of the FLSA.

31. While employed by Defendant, Plaintiff had a regular schedule. He worked 7 days per week.  Plaintiff worked 3 days per week in the warehouse, from 8:00 AM to 6:00 PM (10 hours daily=30 hours weekly), and he worked 4 days per week in moving activities, from 8:00 AM to 12:00 AM (16 hours each day=64 hours weekly).  Consequently, Plaintiff worked a total of 94 hours each week.  Plaintiff was unable to take bonafide lunch breaks.

32. Plaintiff worked more than 40 hours per week, and he was paid $440.00 in cash, but he was not paid for overtime hours.

33. Plaintiff did not clock in and out, but he worked with the business owners, and they could track the hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

35. Plaintiff was paid weekly in cash without any record providing information about the number of days and hours worked, wage rate, employment tax withholdings, etc.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

39. Plaintiff is not in possession of time and payment records, but he will provide a reasonable faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Twenty-Nine Thousand Three Hundred Seventy-Six Dollars and 00/100 ($29,376.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 32 weeks
       Relevant weeks of employment: 32 weeks
       Total hours worked: 94 hours weekly
       Total unpaid O/T hours: 54 overtime hours weekly
       Wage rate: $11.00 an hour x 1.5= $17.00 an hour
       O/T rate: $17.00 an hour.

       O/T $17.00 x 54 O/T hours=$918.00 weekly x 32 weeks=$29,376.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

40. At all times material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay him at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

42. Defendant Pryco Movers willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

### Prayer for Relief

Wherefore, Plaintiff Daniel Lugo and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Daniel Lugo and other similarly situated individuals and against the Defendant Pryco Movers, based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC §

201 et seq.; and

B. Award Plaintiff Daniel Lugo actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Daniel Lugo demands trial by a jury of all issues triable as of right by a jury.

Dated: August 18, 2021

                                        Respectfully submitted,

                                        By: **/s/ Zandro E. Palma**
                                        ZANDRO E. PALMA, P.A.

        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*